UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY W. LIAL and MARQULINN LIAL, ) | Case No.: 2:10-cv-02121-GMN-PAL |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| BANK OF AMERICA CORPORATION; ) | |
| RECONTRUST COMPANY; FEDERAL ) | |
| NATIONAL MORTGAGE ASSOCIATION; ) | |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action initially filed in state court by Gary W. Lial and Marqulinn Lial against Bank of America, N.A., ("BAC") (erroneously named in caption as Bank of America Corporation), ReconTrust Company, N.A. ("ReconTrust") (erroneously named in caption as Recontrust Company), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"), et al. (ECF No. 1.) Defendants have brought a meritorious motion to dismiss Plaintiffs' claims, explaining that Plaintiffs' causes of action fail to state a claim upon which relief can be granted and are based on inapplicable statutes or duties that do not exist under Nevada law. (ECF No. 8.) Plaintiffs filed an opposition to which Defendants replied. (ECF Nos. 19-20.) The Court will GRANT the Motion to Dismiss.

**I.    BACKGROUND**

On November 15, 2006, Plaintiffs financed the purchase of their property, located at 10480 Wildflower Gully Street, Las Vegas, NV 89178, APN #176-27-810-002, with two loans

from Countrywide KB Homes. (First Promissory Note, Ex. A, and Second Promissory Note, Ex. B, to Defs.' Req. for Jud. Notice, ECF No. 9.)[1]  The first loan, in the amount of $224,895.00, and the second loan, a Home Equity Line of Credit ("HELOC"), in the amount of $56,223.00, were secured by two separate Deeds of Trust. (Exs. C and D to Defs.' Req. for Jud. Notice, ECF No. 9.)  Each Deed of Trust specifies that MERS is the nominee beneficiary with standing to foreclose and to substitute a trustee. (First Deed of Trust, Ex. C at 2-3; Second Deed of Trust, Ex. D at 2-3.)

Plaintiffs do not deny that they stopped paying their mortgage in January of 2010. (*See* Notice of Default, Ex. H to Defs.' Req. for Jud. Notice.)  MERS substituted ReconTrust as the Trustee on June 14, 2010. (MERS Substitution of Trustee, Ex. F to Defs.' Req. for Jud. Notice.) MERS also assigned the beneficial interest under the First Deed of Trust to BAC on June 14, 2010. (Assignment of Deed, Ex. G to Defs.' Req. for Jud. Notice.)  ReconTrust recorded a Notice of Default on June 14, 2010. (Notice of Default, Ex. H to Defs.' Req. for Jud. Notice.)

A Certificate of Foreclosure Mediation was recorded on October 25, 2010, certifying that Plaintiffs either waived mediation or failed to request it. (Certificate of Foreclosure Mediation, Ex. I to Defs.' Req. for Jud. Notice.)  A Notice of Trustee's Sale was also recorded on October 25, 2010. (Notice of Trustee's Sale, Ex. J to Defs.' Req. for Jud. Notice.)

Plaintiffs filed their Complaint in state court on November 8, 2010. (Pls.' Compl., ECF No. 1.)  Plaintiffs allege four causes of action: (1) wrongful foreclosure; (2) civil conspiracy; (3) quiet title; (4) injunctive relief.[2]

---

[1] The Court takes judicial notice of Exs. A-D, F-J of Defendants' Request for Judicial Notice, ECF No. 9.  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

[2] A request for injunctive relief is a remedy, not an independent cause of action, and is subject to dismissal for failure to state a claim upon which relief may be granted. *See In re Wal-Mart Wage and Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) (clarifying that "[a]lthough denominated as a separate claim, count nine is not a separate cause of action but a request for injunctive relief" and "is not an independent ground for relief").

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of

leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  ANALYSIS

#### A.  Wrongful Foreclosure

Plaintiffs do not dispute that they have failed to pay the amount due on the note. However, in their first cause of action, they allege wrongful foreclosure based on fraud and

1  misrepresentation.³  Plaintiffs allege that the Notice of Default is "invalid without a full and
2  complete accounting, verified by a competent witness with personal knowledge, which
3  included all monies received, whether by Plaintiff or third parties, concerning the said mortgage
4  loan." (Compl. at 14.)⁴  Plaintiffs also allege that "MERS has no authority at all to 'assign' the
5  negotiable instrument referred to as the subject Promissory Note, and therefore, the said
6  'Assignment' is a nullity because the beneficial interest in the Deed of Trust cannot be assigned
7  in and of itself." (*Id.*)⁵

8  Plaintiffs allege misrepresentation by Defendants arguing that "[n]owhere in the loan
9  documents was it disclosed that the 'mortgage loan' was in reality a disguised securities
10 transaction." (*Id.*)  Plaintiffs allege that "Plaintiff has not contracted with, and is therefore under
11 no obligation and cannot be in 'default' to, any secondary-market investors who do not, and
12 cannot, apply the paid 'returns' to the mortgage." (*Id.*)  Plaintiffs continue to describe the
13 alleged securitization and "splitting" of the loan note from the Deed of Trust. (*Id.* at 15.)
14 Plaintiffs also allege that "Defendants received immense payouts in the form of federal bailout
15 monies, assistance from the Federal Reserve, TARP funds, TALF, Maiden Lane deals, and
16 benefited from other funds, in the form of insurance guarantees, overcollateralization, cross-
17 collateralization, and credit default swaps," and that therefore, "Plaintiff's account should be
18 offset by at least a portion of those immense funds." (*Id*. at 15-16.)

19 Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with
20 particularity the circumstances constituting fraud or mistake."  The elements of intentional

---

³ Plaintiffs' First Cause of Action, as written, is virtually identical to those in other Complaints submitted by *pro se* foreclosure plaintiffs, including the use of the singular form. *See, e.g., Suarez-Smith v. BAC Home Loans Servicing, LP et al.*, No. 2:11-cv-00201-GMN-PAL, 2011 WL 5025143 (D. Nev. October 21, 2011); *Futch v. BAC Home Loans Servicing, LP et al,* No. 2:10-cv-02256-KJD-GWF, 2011 WL 4544006 (D. Nev. September 29, 2011).

⁴ This allegation appears verbatim in the *Futch* and *Suarez-Smith* complaints. *See Futch* Compl. at 14; *Suarez-Smith* Compl. at 13.

⁵ This allegation appears verbatim in the *Futch* Complaint. *See Futch* Compl. at 14.

misrepresentation or common law fraud in Nevada are:

    (1)   a false representation made by the defendant;

    (2)   defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);

    (3)   defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;

    (4)   plaintiff's justifiable reliance upon the misrepresentation; and

    (5)   damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992).  Virtually identical allegations of fraud were made and rejected in *Joyner v. Bank of America Home Loans*, No. 2:09-CV-2406-RCJ-RJJ, 2010 WL 2953969, at *3 (D. Nev. July 26, 2010) and in *Futch v. BAC Home Loans Servicing, LP et al,* No. 2:10-cv-02256-KJD-GWF, 2011 WL 4544006, at *2 (D. Nev. September 29, 2011).  As in *Joyner* and *Futch*, Plaintiffs' allegations here are generalized claims of fraud, rather than allegations of specific fraudulent representations.  Accordingly, Plaintiffs have failed to state a legally cognizable claim for fraud.

    An alleged securitization of a loan does not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course. *See* NRS 107.080; *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, at *2 (D. Nev. 2010) (rejecting an identical argument because "NRS 107.080 does not forbid securitization of a loan.").  Therefore, Plaintiffs have no claim of wrongful foreclosure because of securitization.

    District of Nevada courts have repeatedly upheld MERS' authority to administer a validly executed Deed of Trust.  Here, the Deed of Trust explicitly names MERS as beneficiary solely as nominee for the Lender and Lender's successors and assigns. (First Deed of Trust, Ex. C to Defs.' Req. for Jud. Notice 2:¶(E), 3:¶(R).)  For a discussion of MERS' authority in the context of mortgage lending and foreclosures, see *Weingartner v. Chase Home Finance, LLC*,

702 F.Supp.2d 1276, 1278-1283 (D. Nev. 2010); *Gomez v. Countrywide Home Loans, Inc. et al.*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650, at *1-3 (D. Nev. 2009).  The Deed of Trust states that "if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests [granted by Borrower in this Security Instrument], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (*Id*. at 4.)

In Nevada, the common law tort of wrongful foreclosure requires Plaintiffs to establish that at the time the power of sale was exercised no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale. *Collins v. Union Fed. Sav. & Loan Ass'n.*, 662 P.2d 610, 623 (Nev. 1983).  Furthermore, a claim for wrongful foreclosure prior to sale is not actionable.  *Huggins v. Quality Loan Servicing, LP*, 2011 WL 310490, at *5 (D. Nev. January 27, 2011).[6]  Therefore, Plaintiffs have no claim for the common law tort of wrongful foreclosure because they do not allege that they are current on their loan payments, and because a foreclosure sale has not taken place.

### B. Civil Conspiracy

Under Nevada law, "[a]n actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins*, 662 P.2d at 303;  *See also GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001); *In re MERS Litig.,* 744 F.Supp.2d at 1028 (D. Ariz. 2010).  "Civil conspiracy is not an independent cause of action – it must arise from some underlying wrong." *Paul Steelman Ltd. V. HKS, Inc.*, No. 2:05-CV-01330-BES-RJJ, 2007 WL

---

[6] *See also, In re Mortg. Elec. Registration Sys. (MERS) Litig.,* 744 F.Supp.2d 1018, 1025 (D. Ariz. 2010) ("[A] claim for wrongful foreclosure does not arise until the power of sale is exercised.") (citing *Collins*, 662 P.2d at 623; *Aguilar v. WMC Mortg. Corp.*, No. 2:09-CV-01416, 2010 WL 185951 at *2 (D. Nev. Jan. 15, 2010) (dismissing claim where "Plaintiffs admit they were delinquent on their mortgage payments.").

295610, at *3 (D. Nev. 2007). Here, Plaintiffs allege civil conspiracy with the underlying tort of wrongful foreclosure. Because Plaintiffs fail to state a claim for wrongful foreclosure, their claim for conspiracy also fails.

### C. Quiet Title

In Nevada, an action to quiet title to real property is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon the title to the property, and is permitted pursuant to Nev. Rev. Stat. § 40.010.[7] *See MacDonald v. Krause*, 362 P.2d 724, 727 (Nev. 1961). Such an action requests a judicial determination of all adverse claims to disputed property. *Del Webb Conservation Holding Corp. v. Tolman*, 44 F.Supp.2d 1105, 1110 (D. Nev. 1999) (citing *Clay v. Scheeline Banking & Trust Co.,* 159 P. 1081, 1082-83 (Nev. 1916)). Here, Plaintiffs do not dispute that they have failed to keep current on their mortgage payments, nor do they present a valid claim that the recorded notices of default and sale were invalid. Therefore, Plaintiffs' claim for quiet title fails.

### D. Injunctive Relief

Because Plaintiffs have failed to state a claim upon which relief may be granted, Plaintiffs' request for injunctive relief is denied. See In re Wal-Mart Wage and Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) (clarifying that "[a]lthough denominated as a separate claim, count nine is not a separate cause of action but a request for injunctive relief" and "is not an independent ground for relief").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**, with leave to amend by **November 22, 2011**.

DATED this 1st day of November, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[7] "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.